UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| MARGARET L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-0512 (ABJ) |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 11). For the reasons discussed below, the Court grants the motion.[1]

**I. BACKGROUND**

Plaintiff is a former employee of the United States Postal Service ("USPS") whose career began in May 1969 and ended upon her retirement in August 1992. *See* Complaint (ECF No. 7, "Compl.") at 4 ¶ XI; *see id.*, Ex. 1 (Certified Summary of Federal Service).[2] Generally, she alleges that USPS failed to maintain accurate personnel and payroll-related records, particularly her

---

[1] "Plaintiff's Motion for Defendant's Motion to Dismiss Be Set Aside and Plaintiff's Motion for Specific State of Claim" (ECF No. 19) will be denied as moot.

[2] By order (ECF No. 8) dated May 17, 2019, the Court struck Plaintiff's original complaint (ECF No. 1) and deemed her amended complaint (ECF No. 7) the operative pleading.

Individual Retirement Record ("SF-2806" or "IRR"). *See id*. at 2 ¶ II; *see generally id*., Ex. 11.[3] When the Office of Personnel Management ("OPM") relied on the inaccurate information USPS provided, plaintiff alleges, OPM miscalculated her retirement annuity benefits. As a result, plaintiff allegedly is receiving an annuity lower than the amount she is entitled to receive.

Plaintiff brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, specifically its amendment and damages provisions, *see* 5 U.S.C. § 552a(g)(1)(A), (C). Given plaintiff's *pro se* status, the Court construes her complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and takes into account all of her submissions, including her multiple responses to defendant's motion to dismiss, *see Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999). Many of these exhibits reflect plaintiff's efforts over the years to have her IRR corrected and her annuity recalculated. The Court identifies three exhibits which are particularly relevant to plaintiff's Privacy Act claims.

**A. OPM Decision on Reconsideration dated July 9, 2007**

On July 9, 2007, OPM responded to plaintiff's March 30, 2007, April 30, 2007, May 4, 2007, June 6, 2007, and June 26, 2007, requests for reconsideration of its prior decision "that

---

[3] Exhibit 11 is an Expert Witness Report prepared for a lawsuit plaintiff brought in the United States District Court for the Middle District of Georgia. It appears that plaintiff has litigated the same issues and has sought the same relief in other courts she is seeking here. *See Thomas v. Lafears*, No. 3:11-CV-177 (M.D. Ga. May 14, 2012) (concluding that doctrine of res judicata barred challenge to OPM's calculation of retirement annuity); *Thomas v. Office of Pers. Mgmt.*, No. 3:10-CV-88 (M.D. Ga. July 15, 2011) (concluding that district court lacked jurisdiction to review OPM decision and to award money damages absent waiver of sovereign immunity); *Thomas v. Office of Pers. Mgmt.*, No. 10-CV-327 (N.D. Ga. Mar. 2, 2010) (dismissing complaint without prejudice as frivolous), *appeal dismissed*, No. 10-11300 (11th Cir. July 6, 2010) (concluding that appeal is frivolous and denying leave to appeal *in forma pauperis*); *Thomas v. U.S. Postal Serv.*, No. 08-CV-2215 (N.D. Ga. Jan. 29, 2009) (dismissing claims for damages with prejudice as barred by doctrine of sovereign immunity, and dismissing claim for review of adverse OPM decision for lack of subject matter jurisdiction), *aff'd*, No. 09-10749 (11th Cir. Feb. 8, 2010) (per curiam).

[plaintiff's] high-three average salary was computed correctly under the Civil Service Retirement System (CSRS) law." Plaintiff's Formal Brief and Numbered Exhibits (ECF No. 4), Ex. (ECF No. 4-1 at 97-99, "OPM Decision") at 1. OPM found:

> We find that your (pre-April 7, 1986 and post-April 6, 1986) high-three average salary was computed based on the base pay amounts certified by your former employing agency; that the (post-April 6, 1986) high-three average salary of $29,280.00 is correct. We find that your annuity . . . was computed correctly in accordance with retirement law and regulations and increased by subsequent Cost-of-Living Adjustments (COLAs). Because you have been in receipt of the appropriate amount of annuity . . . you are entitled to receive, we must deny your request for a change in the amount of your gross monthly annuity.

OPM Decision at 3.

### B. MSPB Initial Decision dated November 6, 2007

Plaintiff appealed OPM's July 9, 2007 decision to the Merit Systems Protection Board ("MSPB"). *See generally* Compl., Ex. 9. She maintained "that her current SF-2806 is incorrect and, therefore, her annuity should be adjusted upward." *Id*., Ex. 9 at 1. The Administrative Judge explained to plaintiff "that the SF-2806 is the basic record for action on all claims for an annuity . . . and that the issue of the correctness of her annuity would be adjudicated on that basis." *Id*., Ex. 9 at 1. He further stated that only plaintiff's employing agency, USPS, could correct the SF-2806. *See id*., Ex. 9 at 1-2. He dismissed plaintiff's appeal without prejudice, and without an objection from USPS, to give plaintiff "an opportunity to attempt to obtain a corrected SF-2806 from her employing agency, and present that updated information to OPM so that her annuity can be recomputed." *Id*., Ex. 9 at 2.

### C. Plaintiff's 2015 Letter and USPS' Response dated November 23, 2015

Attached to Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 15) was a

copy of a letter (ECF No. 15-1) plaintiff sent to the Postmaster General in 2015. Defendant located USPS' written response which in relevant part stated:

> This letter is in response to your undated letter to Postmaster General Megan Brennan requesting a recalculation of your Civil Service Retirement System (CSRS) annuity because you believe that your Individual Retirement Records (IRR) are incorrect.
>
> You have presented [USPS] with several documents regarding the abolishment of your Level 7 position in Brooklyn, NY in 1990. You were advised that you would continue to be paid as a Level 7 for a two year period commencing February 18, 1990, regardless of the job you may have bid for. Instead of obtaining a bid locally, on February 9, 1991, you voluntarily transferred to a lower level position in the North Metro Atlanta P&DC. [USPS] justifiably terminated your rate retention at this time per . . . Section 421.514 of the Employee and Labor Relations Manual[.]
>
> Rate retention is terminated and reduced to a lower salary at an employee's own request. When you voluntarily requested and accepted a transfer to a part-time flexible . . . position in another state, you effectively negated the rate retention you received in Brooklyn, NY. Your annuity was properly calculated accordingly.

Reply Mem. in Support of Def.'s Mot. to Dismiss (ECF No. 16, "Reply"), Ex. 1 (ECF No. 16-1) at 2.

## II. ANALYSIS

### A. Dismissal Under Rule 12(b)(6)

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff failed to file it within the two-year statute of limitations prescribed in the Privacy Act. *See* Mem. in Support of Def.'s Mot. to Dismiss (ECF No. 11, "Def.'s Mem.") at 3-5 (page numbers designated by ECF).

A complaint survives a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level") (citations omitted). When ruling on a Rule 12(b)(6) motion, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).

"A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion[.]" *Lewis v. Bayh*, 577 F. Supp. 2d 47, 51 (D.D.C. 2008) (citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)). The Court may grant "[a] motion to dismiss . . . on statute of limitations grounds only if apparent from the face of the complaint." *Johnson v. Long Beach Mrtg. Loan Trust 2001–4*, 451 F. Supp. 2d 16, 39 (D.D.C. 2006) (citations omitted); *see Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 63 (D.D.C. 2009).

### B. Statute of Limitations and Equitable Tolling

Applicable to all claims under the Privacy Act is the following provision:

> An action to enforce any liability created under this section may be brought . . . *within two years from the date on which the cause of action arises*, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5) (emphasis added). "A cause of action arises under the Privacy Act 'at the time that (1) an error was made in maintaining plaintiff's records; (2) plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error.'" *Samtmann v. U.S. Dep't of Justice*, 35 F. Supp. 3d 82, 88 (D.D.C. 2014) (quoting *Conklin v. U.S. Bureau of Prisons*,

5

514 F. Supp. 2d 1, 4 (D.D.C. 2007)) (additional citations omitted), *aff'd*, No. 14-5115, 2015 WL 236560 (D.C. Cir. Jan. 16, 2015).

The Privacy Act's statute of limitations period is not jurisdictional. *See Kursar v. Transp. Sec. Admin.*, 751 F. Supp. 2d 154, 165–66 (D.D.C. 2010) (citing *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 n.* (D.C. Cir. 2003)), *aff'd*, 442 F. App'x 565 (D.C. Cir. 2011) (per curiam). If, for example, a plaintiff "despite all due diligence . . . is unable to obtain vital information bearing on the existence of [her] claim," *Chung*, 333 F.3d at 278 (citations omitted), the doctrine of equitable tolling may allow her to pursue her Privacy Act claims beyond the statute of limitations period, *see Kursar*, 752 F. Supp. 2d at 168.

**C. Plaintiff's Privacy Act Claims Are Time-Barred**

"[A] court should assess when a plaintiff knew or should have known of an alleged error from the facts pled, and only grant a motion to dismiss 'if the complaint on its face is conclusively time-barred.'" *Kursar*, 751 F. Supp. 2d at 166 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)) (additional citations omitted); *see Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 5 (D.D.C. 2009) ("Because statute of limitations issues often depend on contested questions of fact, the Court must exercise caution before dismissing a complaint on statute of limitations grounds based solely on the face of the complaint.") (citation omitted).

Notwithstanding the vague and confusing nature of the complaint, plaintiff mentions two significant dates: July 9, 2007 and November 6, 2007. *See* Compl. at 3 ¶¶ VI, VIII. Defendant argues that plaintiff's cause of action arose no later than November 6, 2007, the date of the OPM Decision. *See* Def.'s Mem at 4. By then, defendant asserts, "[p]laintiff was aware of and had raised concerns about the accuracy of the SF-2806," and, consequently, the filing of plaintiff's

complaint in 2019 – more than 11 years later – is barred by the Privacy Act's statute of limitations. *Id*.

Plaintiff appears to argue that her cause of action arose later than 2007. She states that she "did not learn of or receive payroll journals until 2014." Plaintiff's Response to Defendant's Memorandum in Support of Defendant's Motion to Dismiss (ECF No. 15) at 4-5 (page numbers designated by plaintiff). The Court understands this statement as an argument that plaintiff did not know or could not have known of the existence of a Privacy Act claim until she received the payroll journals. Similarly, by producing a copy of her 2015 letter to the Postmaster General, which pointed out errors in her SF-2806 and sought recalculation of her annuity, *see id*., Ex. 1 at 1-3, plaintiff presumably is arguing that her Privacy Act claims could not have arisen until she received the Postmaster General's November 23, 2015 response.

Under these alternative scenarios, though, plaintiff missed her deadline. Even if plaintiff's Privacy Act claims did not arise until she received the payroll records in 2014, the two-year statute of limitations period would have expired in 2016, roughly three years before plaintiff filed her original complaint (ECF No. 1) on February 9, 2019, and her amended complaint on April 30, 2019. And if plaintiff's cause of action accrued on November 23, 2015, when USPS rejected her request for a change in her records, the limitations period would have expired in 2017, *see* Reply at 1-2, nearly two years before plaintiff filed this case.

Plaintiff's own submissions to the court do not only demonstrate her longstanding knowledge of the supposedly erroneous information in her IRR, but they also document her attempts to have her IRR corrected and her annuity recalculated. Plaintiff had ample information from which to determine whether a Privacy Act claim existed, and the doctrine of equitable tolling simply does not apply here.

7

Plaintiff has been receiving her annuity since 1992. Whether her claims accrued in 1992, 2007, 2014, or 2015, the Privacy Act's two-year limitations period expired long before she filed the complaint pending before the court in 2019.

## III. CONCLUSION

The court concludes that plaintiff's Privacy Act claims are time-barred. Accordingly, defendant's motion to dismiss will be granted. An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: March 4, 2020